**FILED**

**June 12, 2018**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 11:24 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT MEMPHIS

| | | |
|---|---|---|
| JOSEPH PEPPERS,<br>Employee, | ) )<br>) | Docket No. 2016-08-0769 |
| v. | ) | |
| THYSSENKRUPP ELEVATOR CORP.,<br>Employer, | )<br>) | State File No. 86391-2014 |
| and | ) | |
| INDEMNITY INSURANCE CO. OF<br>NORTH AMERICA,<br>Insurance Carrier. | )<br>)<br>) | Judge Deana Seymour |

---

## COMPENSATION HEARING ORDER

---

This matter came before the undersigned Workers' Compensation Judge on May 9, 2018, for a Compensation Hearing. The central legal issues are: (1) whether the parties reached a binding settlement of all claims; (2) the extent of Mr. Peppers' permanent disability; and (3) Thyssenkrupp's entitlement to a credit or subrogation lien for its payment of workers' compensation benefits. For the reasons below, the Court holds: the parties did not reach a binding settlement of this claim; Mr. Peppers sustained a permanent impairment of nine percent to the body as a whole; and Thyssenkrupp is entitled to a credit for the amount of permanent partial disability (PPD) paid, limited to Mr. Peppers' net recovery collected in his personal injury claim.

### History of Claim

*Stipulations*

The parties stipulated to the following:

- Mr. Peppers' workers' compensation claim arose from a motor vehicle accident (MVA) on October 15, 2014.
- Thyssenkrupp paid $43,407.77 in medical expenses and $13,325.71 in temporary disability benefits.

1

- Mr. Peppers returned to work for Thyssenkrupp at the same wage as before the accident, but his employment was later terminated.
- Mr. Peppers reached maximum medical improvement (MMI) on April 5, 2016.
- Mr. Peppers' authorized treating physician, Dr. Samuel Schoerlucke, assigned nine-percent impairment to the body.
- The compensation rate is $848.00.
- Mr. Peppers settled a third-party personal injury claim from the MVA for $100,000.00.

*Contested Issues*

The parties engaged in unsuccessful mediation, and the mediator issued a dispute certification notice identifying permanent disability benefits and the subrogation lien as disputed issues. Specifically, the parties deadlocked when Mr. Peppers refused to reimburse Thyssenkrupp the amount of any workers' compensation benefits from his third-party settlement recovery. Mr. Peppers claimed Thyssenkrupp waived its right of recovery for those benefits. Thus, Mr. Peppers' attorney disbursed the third-party settlement proceeds to Mr. Peppers without repaying Thyssenkrupp.

Thyssenkrupp contended the workers' compensation claim never settled and the parties never presented a written settlement agreement to the Court for approval. It filed a Petition for Benefit Determination demanding repayment of a subrogation lien under Tennessee Code Annotated section 50-6-112 from proceeds Mr. Peppers received from the third-party settlement.

## Findings of Fact and Conclusions of Law

*Standard Applied*

Mr. Peppers must establish all elements of his claim by a preponderance of the evidence. Tenn. Code Ann. § 50-6-239(c)(6) (2017).

*Settlement*

Although the parties negotiated, they never settled this claim. Tennessee Code Annotated section 50-6-240 provides, "all settlements shall be reduced to writing and shall be approved by a judge of the Court of Workers' Compensation Claims before they are binding on either party." Tennessee Compilation Rules and Regulations 0800-02-21-.19(1) (2016) further confirms this requirement: "In any case where the parties reach a full and final settlement, the settlement shall not become effective until it has been signed by both parties and approved by a workers' compensation judge."

The parties did not agree on the terms of a settlement, reduce it to writing, sign, or present a settlement agreement to the Court for approval. Therefore, the Court holds the parties did not settle this claim.

*Permanent Disability Benefits/Credit*

The Court next turns to Mr. Peppers' entitlement to PPD. Mr. Peppers did not testify at the hearing. Rather, he stipulated to the essential elements of his claim for the Court to determine the extent of his entitlement to PPD.

The Court finds that Dr. Schoerlucke placed Mr. Peppers at MMI on April 5, 2016, and assigned a permanent impairment rating of nine percent to the body as a whole. Therefore, Mr. Peppers is entitled to 40.5 weeks of PPD at his weekly compensation rate of $848.00, which totals $34,344.00. (450 weeks x 9% x $848.00). Mr. Peppers' initial compensation period expired January 13, 2017.[1]

By statute, Thyssenkrupp is entitled to a credit against the unpaid PPD benefits from Mr. Peppers' net recovery in his third party personal injury claim. Tenn. Code Ann. § 50-6-112(c)(2).

*Lien and Attorney Fees*

Thyssenkrupp asserted it was entitled to a subrogation lien against Mr. Peppers' third-party claim. Mr. Peppers argued Thyssenkrupp waived its subrogation rights during settlement negotiations. Proposals during settlement negotiations are neither admissible in this hearing nor do they bind either party. However, this Court cannot enforce any subrogation lien against Mr. Peppers' recovery from his personal injury claim or establish the amount of employee's attorney fee from the lien proceeds. These determinations are beyond the jurisdiction of this Court, and a "court of competent jurisdiction" over the personal injury claim must address them. Tenn. Code Ann. § 50-6-112(b).

**IT IS, THEREFORE, ORDERED**:

1. Mr. Peppers is entitled to PPD benefits equaling nine percent to the body as a whole, which, at his stipulated compensation rate of $848.00 per week, equals $34,344.00.

2. Thyssenkrupp is entitled to a credit against the unpaid PPD benefits from Mr. Peppers' net recovery in his third-party personal injury claim.

---

[1] Mr. Peppers did not pursue enhanced benefits.

3

3. Mr. Peppers is entitled to future medical benefits for his injury under Tennessee Code Annotated section 50-6-204(a)(1)(A). Dr. Schoerlucke shall remain the authorized treating physician.

4. Thyssenkrupp shall pay the $150.00 filing fee under Tennessee Compilation Rules and Regulations 0800-02-21-07 (2016) directly to the Clerk within five business days of the date of entry of this order, for which execution may issue if necessary.

5. Thyssenkrupp shall file a Statistical Data form (SD-2) within ten business days of entry of this order.

6. Absent appeal, this order shall become final thirty days after entry.

**ENTERED JUNE 12, 2018.**

**JUDGE DEANA SEYMOUR**
**Court of Workers' Compensation Claims**

# APPENDIX

Exhibits:

1) Employee's Responses to Employer and Insurance Carrier's Request for Admissions
2) Affidavit of Hailey H. David, with attachments

Technical Record:

1) Petition for Benefit Determination
2) Dispute Certification Notice
3) Request for Scheduling Hearing
4) Scheduling Hearing Order
5) Joint Motion to Continue
6) Order Granting Joint Motion to Continue
7) Motion to Revise ADR Date
8) Order Granting Joint Motion to Continue
9) Dispute Certification Notice
10) Employer's Pre-Compensation Hearing Statement
11) Employee's Pre-Compensation Hearing Statement
12) Pre-Trial Brief of Employer and Insurance Carrier
13) Motion in Limine
14) Notice of Appearance
15) Motion to Exclude R. Sadler Bailey as Attorney for Employee
16) Order on Motion in Limine and Motion to Exclude R. Sadler Bailey as Attorney for Employee

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was sent to the following recipients by the following methods of service on this the 12th day of June, 2018.

| Name | Via Email | Service sent to: |
|---|---|---|
| Baker Yates, Esq., Employee's Attorney | X | byates@baileygreer.com sbailey@baileygreer.com |
| Hailey David, Esq., Employer's Attorney | X | davidh@waldrophall.com |

Penny Shrum, Court Clerk
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov

6